**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| ROBERTO SALTO-TORRES, | :: | MOTION TO VACATE |
|     Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 1:08-CR-0264-CC-RGV-1 |
| UNITED STATES OF AMERICA, | :: | |
|     Respondent. | :: | CIVIL ACTION NO. |
| | :: | 1:13-CV-1885-CC-RGV |

**FINAL REPORT AND RECOMMENDATION**

This matter has been submitted to the undersigned Magistrate Judge for consideration of movant Roberto Salto-Torres's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Doc. 106]. For the reasons stated herein, the undersigned finds that this § 2255 motion is time barred and **RECOMMENDS** that this action be **DISMISSED** pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings (hereinafter "Rule 4(b)").[1]

---

[1] Rule 4(b) provides that: "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." See also Edwards v. United States, 295 F. App'x 320, 321 (11th Cir. 2008) (per curiam) (affirming district court's sua sponte denial of § 2255 motion as time-barred).

## I.  PROCEDURAL HISTORY

Salto-Torres pleaded guilty, pursuant to a negotiated plea agreement, to conspiracy to possess with the intent to distribute at least 500 grams of a mixture and substance containing a detectible amount of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B)(ii) (Count One), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c) and 2 (Count Two). [Docs. 27, 84-85].  On November 4, 2009, the Court entered judgment sentencing Salto-Torres to a total of 180 months of imprisonment, consisting of 120 months on Count One and 60 months on Count Two, to run consecutive.  [Doc. 105].  Salto-Torres did not appeal.

Salto-Torres filed this pro se § 2255 motion on May 30, 2013.[2]  [Doc. 106 at 6]. As grounds for relief, Salto-Torres contends that his attorney provided him ineffective assistance and that he received an "illegal firearm enhancement." [Id. at 4; Doc. 106-1 at 1-3, 6, 10].  Salto-Torres also argues that this § 2255 motion is not barred by the

---

[2] Pursuant to the "mailbox rule," a pro se prisoner's motion to vacate is deemed filed on the date it is delivered to prison authorities for mailing.  28 U.S.C. foll. § 2255, Rule 3(d); see also Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (per curiam).  Absent evidence to the contrary, the Court assumes that the motion was delivered to prison authorities on the day the prisoner signed it.  Washington, 243 F.3d at 1301.

2

appeal waiver provision of his plea agreement and cites the United States Supreme Court's March 21, 2012, decisions in Missouri v. Frye, 132 S. Ct. 1399 (2012) and Lafler v. Cooper, 132 S. Ct. 1376 (2012). [Doc. 106-2 at 2-9].

## II. DISCUSSION

A § 2255 motion is subject to a statutory one-year limitation period, which runs from the latest of the following:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). In this case, there is no claim that the circumstances set forth in subparagraphs (2) or (4) of § 2255(f) apply.

Salto-Torres's conviction became final, for purposes of § 2255(f)(1), on November 18, 2009, when the time for filing a direct appeal expired. See Fed. R. App. P. 4(b)(1)(A)(i), (6) (providing that a defendant's notice of appeal must be filed within

3

fourteen days after the written judgment of conviction is entered on the criminal docket); see also Ramirez v. United States, 146 F. App'x 325, 325 (11th Cir. 2005) (per curiam) ("[F]or § 2255 statute of limitations purposes, a judgment of conviction becomes final when the time for filing a direct appeal expires."). Because Salto-Torres did not file his § 2255 motion until May 30, 2013, more than three and a half years after his conviction became final, it was not timely under § 2255(f)(1). The motion is also not timely under § 2255(f)(3) because the Supreme Court cases on which Salto-Torres relies, Missouri and Lafler, were both decided on March 21, 2012, more than one year before he filed the instant § 2255 motion.

Salto-Torres does not contend that he is actually innocent and has not alleged extraordinary circumstances that might excuse the late filing of his § 2255 motion. See McQuiggin v. Perkins, 133 S. Ct. 1924, 1928, 1936 (2013) (A plea of actual innocence can overcome the one-year limitations period for filing a federal habeas corpus action if the movant "presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" (citing Schlup v. Delo, 513 U.S. 298, 316 (1995)); Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam) ("Equitable tolling is appropriate when a movant untimely files because

4

of extraordinary circumstances that are both beyond his control and unavoidable even with diligence."). Accordingly, Salto-Torres's § 2255 motion is due to be dismissed as untimely.

### III. CERTIFICATE OF APPEALABILITY

Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides that an applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Section 2253(c)(2) of Title 28 states that a certificate of appealability ("COA") shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." A movant satisfies this standard by showing "that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). Because the dismissal of Salto-Torres's § 2255 motion as time barred is not debatable by jurists of reason, the undersigned recommends that he be denied a COA.

5

## IV.  CONCLUSION

For the foregoing reasons,  **IT IS HEREBY RECOMMENDED** that this 28 U.S.C. § 2255 motion to vacate sentence, [Doc. 106], be **DISMISSED** pursuant to Rule 4(b) and that a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the Magistrate Judge.

**SO RECOMMENDED**, this 26th day of June, 2013.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE